Filed 2/11/21  P. v. Montoya CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305399 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA119142) |
| v. | |
| NATHAN RUBEN MONTOYA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven Blades, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant and appellant Nathan Ruben Montoya of two counts of second degree robbery. (Pen. Code, § 211.)[1] It also found true the allegation that defendant personally used a handgun during the commission of the robberies. (§§ 1203.06, subd. (a)(1); 12022.5, subd. (a); & 12022.53, subd. (b).) The trial court sentenced defendant to 19 years, four months in state prison. On appeal, defendant contends the court erred in instructing the jury with CALCRIM No. 315 that it could consider an eyewitness's level of certainty in evaluating identification testimony. We affirm.

# II. BACKGROUND[2]

At about 3:15 p.m. on August 18, 2018, G.S. was at a hair salon on Peck Road in El Monte. Two men armed with guns entered the salon. One wore a bandana over his face, the other's face was not covered. The men told everyone—there were five women in the salon—not to move. The man without a bandana told everyone to "give everything [they] had." The men took $200 from the salon's cash register.

The man without a bandana came to within four feet of G.S., pointed a gun at her, and took her purse. She got a good look at his face. G.S. then identified defendant in court as the

---

[1] All further statutory citations are to the Penal Code.

[2] Because defendant's claim on appeal concerns the testimony of a single eyewitness, we focus our statement of facts on that witness's testimony.

man without a bandana. The prosecutor asked G.S. how confident she was that defendant was the man without a bandana. She responded, "I can't forget his face."

After the robbery, the police showed G.S. a six-pack photographic lineup containing a photograph of defendant. G.S. identified defendant as one of the robbers. The prosecutor and G.S. then had the following exchange:

"Q. How confident were you when you identified space no. 1 to Detective [Francisco] Ramirez?

"A. I saw him from very close.

"Q. So my question, though, is, when you saw his picture here, how confident were you that that was him?

"A. Because I was sure that it was him.

"Q. I'm not asking why you knew it was him. What I mean is, how confident were you? Did you think it might be someone else or did you know this was him?

"A. I knew that it was him.

"Q. Was there any doubt in your mind that it was him?

"A. No doubt.

"Q. Why not?

"A. Because I was sure that it was him."

## III. DISCUSSION

Defendant contends that the trial court erred in instructing the jury with CALCRIM No. 315[3] that it could consider an

---

[3]    CALCRIM No. 315 stated, in relevant part:
"You have heard eyewitness testimony identifying the defendant. As with any other witness, you must decide whether an eyewitness gave truthful and accurate testimony.

eyewitness's level of certainty in evaluating identification testimony. He contends the error violated his state and federal constitutional rights to due process.

Defendant did not request that the trial court modify CALCRIM No. 315 to remove the challenged certainty question. The Attorney General argues that defendant's failure to request modification forfeited his challenge on appeal. We agree.

In *People v. Sanchez* (2016) 63 Cal.4th 411 (*Sanchez*), the California Supreme Court considered the defendant's argument that because there was "at best, a weak correlation between . . . certainty and accuracy," the trial court erred in instructing the jury with CALJIC No. 2.92,[4] the CALJIC analogue to CALCRIM No. 315. (*Sanchez, supra*, 63 Cal.4th at p. 461.) The Supreme Court stated: "The Attorney General argues the claim is forfeited

---

"In evaluating identification testimony, consider the following questions:

"[¶] . . . [¶]

"How certain was the witness when he or she made an identification?"

[4]     As given in *Sanchez*, CALJIC No. 2.92 provided, in relevant part:

"'Eyewitness testimony has been received in this trial for the purpose of identifying the defendant as the perpetrator of the crimes charged. In determining the weight to be given eyewitness identification testimony, you should consider the believability of the eyewitness as well as other factors which bear upon the accuracy of the witness's identification of the defendant, including but not limited, to any of the following:

"'[T]he extent to which the witness is either certain or uncertain of the identification . . . .'" (*Sanchez, supra*, 63 Cal.4th at p. 461, fn. 7.)

because defendant did not request that CALJIC No. 2.92 be modified. We agree. If defendant had wanted the court to modify the instruction, he should have requested it. The trial court has no sua sponte duty to do so. [Citations.]" (*Ibid*.) We are bound by the Supreme Court's holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)[5]

Defendant's contention that instructing the jury with CALCRIM No. 315 violated his federal constitutional right to due process is likewise forfeited by his failure to object to the instruction on that ground in the trial court. (See *People v. Rodriguez* (2019) 40 Cal.App.5th 194, 199–200 ["Rodriguez argues CALCRIM No. 315 violates his Fourteenth Amendment due process rights because it tells the jury to consider eyewitness certainty. Rodriguez's counsel did not object at trial. This is forfeiture"].) Accordingly, we hold that defendant forfeited appellate review of his challenge to CALCRIM No. 315.

---

[5] The Supreme Court has granted review in *People v. Lemcke* (June 21, 2018, G054241) [nonpub. opn.], review granted October 10, 2018, S250108, where the issue under consideration is: "Does instructing a jury with CALCRIM No. 315 that an eyewitness's level of certainty can be considered when evaluating the reliability of the identification violate a defendant's due process rights?"

## IV.    DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.

6